IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROMSPEN INVESTMENT LP, <br>                              Plaintiff, <br> v. <br> STEPHEN J. DIBERT, <br> MFI-MIAMI HOLDINGS LLC, <br> MFI-MIAMI LLC, and <br> MFI-MIAMI NM LLC, <br>                              Defendants. | N.D. Ill. Case No. 1:24-cv-11031 <br><br> Principal case pending in the <br> United States District Court for the <br> Southern District of Florida, <br> Case No. 9:23-cv-80992-RLR |

**PLAINTIFF ROMSPEN INVESTMENT LP'S MOTION
TO COMPEL COMPLIANCE WITH SUBPOENAS ISSUED
TO ADEENA WEISS-ORTIZ AND WEISS ORTIZ P.C.,
TO DEEM OBJECTIONS WAIVED, AND FOR AWARD OF ATTORNEYS FEES**

Pursuant to Federal Rules of Civil Procedure 37 and 45, Plaintiff Romspen Investment LP ("Romspen") hereby moves to compel responses to subpoenas issued to attorney Adeena Weiss-Ortiz ("Weiss-Ortiz") and her law firm Weiss Ortiz P.C. (collectively "Respondents") arising out of *Romspen Investment LP v. Dibert,* No. 9:23-cv-80992-RLR (S.D. Fla.). Despite the fact that the Respondents are a practicing attorney and a law firm, neither took any action to respond to the subpoenas issued to them within the time period required by Rule 45, and they still have not responded. Thus, Respondents should be compelled to respond in full to the subpoenas, with any objections thereto being waived, and with an award of attorneys fees to Romspen. *See* Fed. R. Civ. P. 37 and 45.[1]

---

[1] This motion is being brought in the district court in which the discovery is to be taken and in which compliance is required. *See* Fed. R. Civ. P. 37(a)(2), 45(d)(2)(B)(i), 45(g).

I.      BACKGROUND

Romspen initiated this action in the Southern District of Florida against the four Defendants and, at the time, also Weiss-Ortiz (as a co-conspirator with Defendants), alleging defamation, defamation per se, and civil conspiracy relating to a series of false and defamatory internet postings made by Defendants about Romspen. (Fla. Dkt. 1.) After Romspen filed its original Complaint, Defendants expanded their defamation, so Romspen filed a First Amended Complaint. (Fla. Dkt. 21.) When Defendants broadened their defamatory campaign to new websites, Romspen filed its Second Amended Complaint ("SAC"), which is the operative complaint (and which dropped Weiss-Ortiz as a Defendant). (Fla. Dkt. 60; Ex. A[2].) Despite the seemingly unavoidable conflicts of interest, Weiss-Ortiz appeared as counsel for Defendants on January 5, 2024 (Fla. Dkt. 62), and has continued to represent them since then.

As alleged in the SAC, Defendants began publishing false, misleading, and defamatory statements about Romspen in May 2022. These false and misleading statements have now been published on at least 17 webpages to date. The defamatory statements were made by Defendants in order to gain website traffic to their website (www.MFI-Miami.com), enhance Defendant Dibert's personal financial interests, promote the business relationship between Defendants and Weiss-Ortiz, and publicly malign Weiss-Ortiz's mother, with whom Weiss-Ortiz has been in legal battles for years over a valuable piece of real estate in Miami. (SAC ¶¶ 10-35.) Defendants' motion to dismiss Romspen's SAC was denied (Fla. Dkt. 96, 103) and discovery began in August 2024.

On October 1, 2024, Romspen sent by email Notices of Intent to Issue Subpoenas to counsel in the underlying action, which included Respondents, with the subpoenas to Weiss-

---

[2] Romspen has attached the SAC without its many exhibits. If desired, the exhibits are available to the Court under S. D. Fla. Dkt. 60.

Ortiz and Weiss-Ortiz P.C. attached (the "Subpoenas"). (*See* Ex. B.) The Subpoenas commanded document production on (or before) October 18, 2024. (*See id.*) Romspen's cover email asked if Respondents would accept service by email (since they were counsel in the case). (*See* Ex. C [Email chain between Poland and Weiss-Ortiz P.C., email dated 10/1/24].) Respondents did not timely respond, so Romspen served the Subpoenas via certified mail on October 2, 2024. The Subpoenas were received and signed for by Weiss-Ortiz's office and Weiss-Ortiz's office separately acknowledge receipt by email. (*See* Ex. C [email dated 10/9/24]; D [signed certified mail acknowledgement card].) Certified mail is a valid method by which to serve a Rule 45 subpoena, *see Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012), and, in any case, Respondents never objected to the form of service. (*See* Ex. C [email dated 10/9/24].)

The Subpoenas seek documents related to Defendants' campaign of defamation against Romspen, Respondents' role in such campaign, and the pre-existing business relationship between Defendants and Respondents, which was ongoing prior to this litigation. (*See, e.g.*, SAC ¶¶ 10-35, 51-55, 105-11.)

By email on October 9, Respondents acknowledged their October 18 deadline to respond to the Subpoenas (and to assert any objections they had). (Ex. C [email dated 10/9/24].) On October 16 Respondents said they would respond by October 21, and Romspen promptly replied that it did not consent to Respondents' attempted unilateral extension of their deadline to respond. (Ex. E [emails dated 10/16/24].) But no responses were received on October 21.

On October 21, counsel for Romspen telephoned Weiss-Ortiz's office, but had to leave a message because no one was available. No one returned counsel's call. Rather, the next day, Weiss-Ortiz's office wrote by email that Respondents would respond to the Subpoenas the next

3

day (October 23). (Ex. F [email dated 10/22/24].) Again, Respondents neither filed a motion for an extension of time to respond, nor sought (or received) Romspen's consent to their unilateral attempts to extend their deadlines for responding to the Subpoenas.[3]

As of the filing of this motion, Respondents have still not served any response to the Subpoenas, and they are well past even their own promised response dates. Romspen therefore moves to compel responses to the Subpoenas, and because Respondents neither responded by the deadline under Rule 45 nor secured a court extension of their deadline, any objections to the Subpoenas should be deemed waived. Finally, because Romspen was required to file this motion to secure responses to the Subpoenas, Romspen is entitled to an award of its attorneys fees incurred in so moving.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to issue a subpoena directing a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession." Fed. R. Civ. P. 45(a)(1)(A)(iii). "The limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45." *Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 WL 8301068, at *2 (N.D. Ill. Mar. 8, 2019) (internal quotations omitted). Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P 26(b)(1); *see also Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter"). "Information within this scope

---

[3] Based on the above-discussed actions, counsel for Romspen certifies that he has in good faith attempted to confer with Respondents in an effort to obtain their compliance without court action.

of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see also Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2020 WL 4676666, at *3 (N.D. Ill. Aug. 12, 2020) (holding the same).

A Rule 45 subpoena is a binding court command. *See* Fed. R. Civ. P. 45(a), (g). A subpoenaed party may serve objections to a subpoena, in which case the serving party may thereafter move to compel compliance, but objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). To the extent any objection is based on a legal privilege, the asserting party "must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P.45(e)(2)(A). Objections not timely asserted are waived. *See Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012); *Richter v. Mut. of Omaha Ins. Co.*, No. 06-MISC-011, 2006 WL 1277906, at *3 (E.D. Wis. May 5, 2006) ("[Respondent]'s objection was filed four days late. Consequently, [respondent]'s objection to the subpoena is deemed waived . . . ."); *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (district court did not abuse its discretion in denying motion for protective order when witness failed to make timely written objection); *Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C.1994) (strictly construing Rule 45(c)(2)(B)'s 14-day time limit in that "failure to timely file an objection will result in waiver of the right to object to enforcement of the subpoena"). A subpoenaed party may also file a motion seeking to extend the time to respond to the subpoena, *see* Fed. R. Civ. P. 6(b), 45(d)(3), but Respondents filed no such motion here.

When a subpoenaed party fails to respond to respond to a subpoena, the issuing party may file a motion to hold the subpoenaed party in contempt of court, to compel such compliance, or both. *See* Fed. R. Civ. P. 37(a), 45(g). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(a); *see also Expeditors Int'l of Wa., Inc. v. Vastera, Inc.*, No. 04C0321, 2004 WL 406999 (N.D. Ill. Feb. 26, 2004) (ordering an award of attorneys fees under Rule 37 against a subpoenaed party who failed to timely respond to the subpoena and failed to seek a protective order from the court if protection was warranted).

III. ARGUMENT

The failure of the Respondents, a practicing attorney and a law firm, to take any action in response to the Subpoenas by the legally imposed deadline is inexcusable. Compliance should be compelled, with waiver of objections and an award of attorneys fees.

    A. *The Subpoenas Were Properly Served and Respondents' Admit Timely Receipt of Them*

The Subpoenas were served via certified mail, which is proper service. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012). Furthermore, Respondents acknowledge receiving the Subpoenas by email on October 1 and by formal service on October 7, well in advance of the Subpoenas' compliance date of October 18. (*See* Ex. B-F.) Thus, there is no dispute that Respondents had a duty to respond to the Subpoenas by October 18.

6

B. *Respondents Served No Objections to the Subpoenas, and the Subpoenas Are Plainly Enforceable as Drafted*

Respondents have not served any—much less timely—objections to the Subpoenas, so Romspen has no objections to which it needs to respond. Nevertheless, Romspen will explain briefly the basis for the Subpoenas. The Subpoenas seek various categories of documents based on Weiss-Ortiz's relationship with Defendants that appears to go back many years and includes an ongoing business relationship and possibly personal relationship, outside of Weiss-Ortiz's representation of Defendants in the underlying matter. The Subpoenas also seek discoverable information regarding Weiss-Ortiz's status as an apparent co-conspirator with Defendants (as partially alleged in Romspen's earlier Complaints). To give a few examples, Romspen's requests seek non-privileged documents related to Romspen, non-privileged communications with Defendants prior to the representation, documents related to the internet postings and websites at issue in the litigation, communications with the registered agents of the Defendant LLCs prior to the representation, communications Weiss-Ortiz had with non-Defendants concerning the litigation, and any agreements relating to the business relationship between Weiss-Ortiz and Defendants. These requests include documents that would not be in the possession of Defendants and are relevant to the needs of the case, so the Subpoenas are plainly enforceable as drafted.[4]

---

[4] Romspen acknowledges Respondents' passing comment in their October 7 email, "I object to you issuing me subpoenas. All the information that you seek is subject to the Attorney-client [sic] and work product privileges." (Ex. C [email dated 10/7/24].) But this is not an adequate objection to the Subpoenas, and Respondents knew that because they thereafter communicated twice that they planned to respond to the Subpoenas. (*See* Exs. E, F.) Additionally, to the extent their objection is based on privilege, Respondents were required to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P.45(e)(2)(A)(ii). A "brief and broad reservation of rights is insufficient to satisfy this requirement." *Ott*, 682 F.3d at 558. Rule 45 "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not

7

  C. *Respondents' Failure to Timely Object Waives Any Objections to the Subpoenas*

As the lawyer and law firm Respondents know, a Rule 45 subpoena is a binding court command. *See* Fed. R. Civ. P. 45(a), (g). A subpoenaed party may serve objections to a subpoena if appropriate, but objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). In this case, the latest date on which the Respondents could assert objections was October 18 (and possibly even October 15). Respondents asserted no timely objections.

The failure to assert timely objections, waives those objections. *See Ott*, 682 F.3d at 558; *Richter*, 2006 WL 1277906, at *3 ("[Respondent]'s objection was filed four days late. Consequently, [respondent]'s objection to the subpoena is deemed waived . . . ."); *Wang*, 919 F.2d at 131 (district court did not abuse its discretion in denying motion for protective order

---

become a 'game.'" *Id.* (citing *In re DG Acquisition Corp.,* 151 F.3d 75, 81 (2d Cir. 1998), quoting *United States v. Bryan,* 339 U.S. 323, 331 (1950)).

 In any event, most of the categories of documents sought do not encompass material that could be privileged, because (1) their subject matters are not about communications between Weiss-Ortiz and any Defendant, (2) they cover a period of time well before any attorney-client relationship between Weiss-Ortiz and any Defendant with respect to Romspen (if any such relationship existed prior to Weiss-Ortiz's appearance for Defendants in January 2024), and/or (3) many of the requests expressly exclude attorney-client communications. Request Nos. 1 and 10 only seek communications and documents prior to "the date on which Defendants engaged Ms. Adeena Weiss-Ortiz to represent them in the [Florida] Action." Request Nos. 2 and 3 seek responsive documents, "with the exception of attorney-client privileged communications." Request Nos. 4 and 5 pertain to the defamatory internet postings and one of the websites on which they appeared. Request Nos. 6, 7, and 8 relate, at least in large part, to the business-referral relationship between Respondents and Defendants, which is distinct from any attorney-client relationship. Request No. 9 expressly excludes communications with Defendant Dibert (who is the sole owner and person associated with the other three Defendants). Request Nos. 11 and 12 seeks various documents that would generally not be privileged, or if so, the privilege would be overcome or waived for the purposes sought. Request No. 13 pertains to document retention, which is not privileged. Request No. 14 requests a "legally compliant privilege log," which not only would not be privileged, but would be required to accompany any assertion of privilege. Thus, Respondents are well off the mark in broadly asserting that "[a]ll the information that you seek is subject to the Attorney- client [sic] and work product privileges."

8

when witness failed to make timely written objection); *Angell*, 153 F.R.D. at 590 (strictly construing Rule 45(c)(2)(B)'s 14-day time limit in that "failure to timely file an objection will result in waiver of the right to object to enforcement of the subpoena"). Thus, any objections Respondents have to the Subpoenas are waived.

        D.     *Romspen Is Entitled to Recover Its Attorneys Fees for Having to File This Motion to Obtain Respondents' Compliance*

A subpoena is a court order that is effective when issued. Respondents, as a practicing attorney and law firm, know this. Yet, acting in complete disregard of their legal obligations, Respondents flippantly ignored their legal duties, sought no court extension, and required Romspen to seek court relief to require them to do what they were already under legal compulsion to do. Such (in)action requires an award of attorneys fees.

"Rule 37(a)(4) presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend*, 33 F.3d 785, 786-87 (7th Cir. 1994) (affirming award of attorneys fees for failure to comply with discovery rules); *see also Expeditors Int'l*, 2004 WL 406999, at *4 ("Rule 37(a)(4) 'presumptively requires' every loser to pay the attorneys fees and costs that the prevailing party incurred in connection with a motion to compel" [quoting *Rickels*]). When a subpoenaed party "has failed to make timely objections to the requests, failed to timely seek a protective order if one was needed, [and] ignored the response date of the subpoena, . . . it is entirely appropriate to order [the subpoenaed party] to reimburse [the subpoenaing party] for its fees and costs." *Id*. at *4.

Thus, Romspen asks that the Court award Romspen the attorneys fees incurred in filing this motion, to be paid by Respondents.

IV.     CONCLUSION

For the foregoing reasons, Plaintiff, Romspen Investment LP, requests that this Court enter an order (1) compelling Respondents to respond to the Subpoenas within ten days, (2) deeming any objections to the Subpoenas waived, and (3) awarding Romspen the attorneys fees it incurred in bringing this Motion, in an amount to be determined by a subsequent declaration filed by Romspen.

Dated:  October 25, 2024            Respectfully submitted,


  /s/ Christian Poland


Christian Poland
Evan Boyle
BRYAN CAVE LEIGHTON PAISNER LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
312-602-5085
christian.poland@bclplaw.com
evan.boyle@bclplaw.com

*Attorneys for Plaintiff Romspen Investment LP*

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, a true and correct copy of the foregoing was filed electronically and served by email on:

> Adeena Weiss Ortiz
> Weiss Ortiz P.C.
> 1011 E. 31 St., La Grange Park, IL 60526
> 332 S. Michigan Ave., #121, Chicago, IL 60604
> 773-498-4498
> 708-937-9223
> aweiss@weissortizlaw.com
> info@weissortizlaw.com
>
>
> Samantha Stevins, Esq.
> 2681 Airport Road S., Suite C-104
> Naples, FL 34112
> 239-300-4417
> stevinslawfirm@gmail.com
>
> *Attorneys for Defendants*

>
> */s/ Christian Poland*
> Christian Poland
> *Attorney for Plaintiff, Romspen Investment LP*