IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROMSPEN INVESTMENT LP,<br>Plaintiff,<br>v.<br><br>STEPHEN J. DIBERT,<br>MFI-MIAMI HOLDINGS LLC,<br>MFI-MIAMI LLC, and<br>MFI-MIAMI NM LLC,<br>Defendants. | N.D. Ill. Case No. 1:24-cv-11031<br><br>Principal case pending in the United States District Court for the Southern District of Florida,<br>Case No. 9:23-cv-80992-RLR |

**PLAINTIFF ROMSPEN INVESTMENT LP'S
REPLY BRIEF IN SUPPORT OF ITS MOTION
TO COMPEL COMPLIANCE WITH SUBPOENAS,
TO DEEM OBJECTIONS WAIVED,
AND FOR AWARD OF ATTORNEYS FEES**

The response of attorney Adeena Weiss-Ortiz ("Weiss-Ortiz") and her law firm Weiss Ortiz P.C. (collectively "Respondents") (1) fails to offer any explanation—much less sufficient justification—for intentionally ignoring the legal deadlines imposed by the Subpoenas they acknowledge receiving, (2) inaccurately describes the scope of the Subpoenas, (3) claims a blanket privilege over everything sought without providing the required privilege log (or even any particulars establishing the asserted privileges), (4) provides mere argument with no admissible evidence, (5) ignores the relevant law, and (6) does not even respond to several of Romspen's arguments. The Subpoenas are Romspen's valid attempt to secure evidence showing that, among other things, Respondents were involved in and abetted the widespread internet defamation in which the Defendants engaged, because the defamatory campaign was aligned with Respondents' desire to publicly malign their opponents (including Romspen and Weiss-Ortiz's own mother, from whom Weiss-Ortiz sought to wrestle a multi-million dollar piece of

property in Miami following her father's death) in real estate litigation in Florida. Respondents' claim of privilege fails both procedurally and substantively, and, shockingly, Respondents still have not produced any documents or any privilege log in response to the Subpoenas, the return date on which was over seven weeks ago. Romspen's Motion should be granted in full.

## I. BACKGROUND

Respondents do not contest the Motion's statements and evidentiary submissions showing that (1) Respondents received the Subpoenas by email on October 1, 2024, (2) Respondents were formally served with the Subpoenas on October 7, (3) the Subpoenas commanded document production on (or before) October 18, and (4) Respondents acknowledged their October 18 deadline and initially promised to respond. (Mot. at 2-4.) Despite the legal obligations imposed by the Subpoenas, Respondents never responded to the Subpoenas by the date on which Romspen filed its motion to compel, whether with document production, written objections, a privilege log, a motion for extension of time, or a motion to quash—and still have not provided any substantive response to the Subpoenas.

## II. ARGUMENT

### *A. Respondents' Failure to Respond to the Subpoenas Is a Waiver of All Objections To Them*

Respondents, an attorney and a law firm, do not deny that they failed to respond to the Subpoenas in the manner required by Rule 45. They could have filed a motion to quash, but did not. They could have served written objections by October 18, *see* Fed. R. Civ. P. 45(d)(2)(B), which, if their objection was based on privilege (as they now say), required them to "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim," Fed. R. Civ. P. 45(e)(2)(A).

Respondents did not do this either. Rather, Weiss-Ortiz, acting in her capacity as counsel for Defendants, simply included in a lengthy email on topics related to the underlying litigation, the following comment (among many others):

> Subpoenas:
> I object to you issuing me subpoenas.
> All the information that you seek is subject to the Attorney-client and work product privileges. This objection is made pursuant to federal rule of civil procedure 45.

(Resp. Ex. F.) Of course, this "objection" did not satisfy the standards of Rule 45, including because it did not "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim," Fed. R. Civ. P. 45(e)(2)(A). *See, e.g., Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012) (a "brief and broad reservation of rights is insufficient to satisfy [the Rule 45 objections] requirement"). And Respondents' own conduct showed that they did not believe this objection was satisfactory because thereafter they said twice that they would be responding to the Subpoenas, first by October 21 and then by October 23 (but never did). (*See* Mot. Ex. E, F; Resp. Ex. G [Weiss-Ortiz email dated 10/9/24 stating that she "objected to [the] subpoena via email on October 7 [and] [t]he deadline to respond has not passed."].) [1] Furthermore, Respondents did not take the required action by October 18, as required by Rule 45.

---

[1] Respondents also claim that they objected to the Subpoenas in an email based on the (meritless) argument that the pro hac vice status of Christian Poland, one of the attorneys for Romspen, had expired. They did not. (*See* Resp. Ex. G [which merely says, "Subpoenas: See above," referring to the email's earlier comment that "[t]he deadline to respond [to the Subpoenas] has not passed"].) In any case, an email objection to an attorney's pro-hac-vice status does not excuse compliance with a subpoena under Rule 45. And the court in the underlying case promptly rejected Defendants' spurious motion to disqualify Mr. Poland based on this same argument, ruling:

> PAPERLESS ORDER denying [136] Defendants' Motion to Revoke Attorney Poland's Pro Hac Vice Status and/or Disqualify Counsel. At all times during the course of this litigation, Plaintiff has been represented by Mr. Poland as well as

Respondents do not contest that the failure to assert timely and valid objections in response to a subpoena waives those objections. (*See* Mot. at 4-5, 7-9.) Nor do Respondents even attempt to show the "excusable neglect" required to extend a deadline once that deadline has passed. *See* Fed. R. Civ. P. 5(b)(1). A central factor in whether a movant can show "excusable neglect" is good faith. And as the Seventh Circuit has recognized, "[w]aiting six weeks to seek an extension of a missed deadline does not evidence a good faith effort to cure one's neglect." *Miller v. Chicago Transit Auth.*, 20 F.4th 1148, 1154 (7th Cir. 2021).

Thus, all of Respondents' objections have been waived.[2] (*See* Mot. at 4-5, 7-9 [citing multiple cases holding objections waived for lack of timely response.)

---

> local attorneys at the same law firm who are admitted in this District. Moreover, Attorney Romero has specifically assumed the responsibilities of local counsel (ECF No. 113) and thus, all the requirements of Local Rule 4 of the Rules Governing the Admission of Attorneys are satisfied. Signed by Magistrate Judge Bruce E. Reinhart on 11/26/2024.

(Ex. G [S.D. Fla. Dkt. 148].)

[2] Respondents make the bizarre argument that "Christian Poland . . . surreptitiously filed a Motion to Compel Compliance of these subpoenas in the Northern District of Illinois knowing the parties scheduled a meet and confer on October 31, 2024." (Resp. at 4 [emphasis removed].) Romspen (through its counsel, Mr. Poland) had sought Respondents' voluntary compliance with the Subpoenas on numerous prior occasions (*see, e.g.*, Mot. Ex. C, E, and F), and Respondents had neither responded, nor asked to meet and confer about the Subpoenas. Mr. Poland had even included in his cover letter with the Subpoenas (without any obligation to do so) an offer to confer regarding the scope of the Subpoenas:

> If you believe that the volume of documents that you possess responsive to a particular request is significant and their production burdensome (which is something that Romspen would not necessarily know in preparing its requests), or have any other concern about the scope of the requests, please communicate your objections or concerns in a timely manner so that we have time to confer in advance of the October 18 deadline for production.

(Ex. H [Letters from Poland to Respondents dated 10/2/24.) And the meet-and-confer being scheduled in the underlying litigation was scheduled by Romspen to discuss whatever issues remained open on October 31, and only because Defendants' counsel were not making themselves reasonably available to discuss open issues. (*See* Ex. I [Poland email dated 10/24/24].) So there was nothing "surreptitious" about Romspen's October 25 filing in this Court of its Motion to Compel Compliance, which was filed because Respondents failed to timely

*B. Even If Respondents Had Timely Asserted the Vague Privilege Objections They Now Raise, Such Objections Are Insufficient*

Respondents' presently asserted privilege objections are insufficient, even if they had been timely asserted and not been waived. As Respondents readily admit in their Response, "[t]he party asserting the attorney-client privilege in response to [a] subpoena must prove that [the] privilege applies, that [the] privilege protects the documents in question, and that [the] party did not waive [the] privilege." (Resp. at 7 [citing cases].) Respondents only vaguely assert a blanket objection to all documents requested by the Subpoenas, generally claiming that they represent Defendants in the underlying action (which Romspen does not, of course, dispute) and that Weiss-Ortiz hired Defendant Dibert as a "non-testifying consulting expert" for one or more of the legal actions involving the Miami real estate. This does not carry Respondents' burden.

First, the Subpoenas mostly seek categories of documents that are expressly *not privileged*, so Respondents' claim of a blanket privilege has no foundation. For example, Request Nos. 1 and 10 seek documents *before* "the date on which Defendants engaged Ms. Adeena Weiss-Ortiz to represent them in the Action"; Request Nos. 2 and 3 are "with the exception of attorney-client privileged communications"; Request Nos. 4 and 5 pertain to the defamatory internet postings and one of the websites on which they appeared; Request Nos. 6, 7, and 8 relate, at least in large part, to the business-referral relationship between Respondents and Defendants, which is distinct from any attorney-client relationship; Request No. 9 expressly

---

respond to the Subpoenas, and which Romspen immediately served on Respondents by email when filed. (*See* Ex. J [Poland email dated 10/25/24].)

Respondents also point out that they belatedly (and improperly) filed a motion to quash the Subpoenas in the Southern District of Florida. This motion was not filed until November 20 (S.D. Fla. Dkt. 140), which was five weeks after Respondents' October 18 deadline to challenge the Subpoenas. Respondents then (properly) withdrew their motion to quash on December 3 (S.D. Fla. Dkt 150) because it was filed in the wrong court, and because that court said it would defer to this Court's adjudication of the Subpoenas, pursuant to Romspen's initiation of this action on October 25 (Resp. at 4).

excludes communications with Defendant Dibert (who is the sole owner and person associated with the other three Defendants); Request Nos. 11 and 12 seek various documents that would generally not be privileged, or if so, the privilege would be overcome or waived for the purposes sought; and Request No. 13 pertains to document retention, which is not privileged. Thus, Respondents' asserted privilege, even if generally valid and not waived, would cover only a small fraction of the requested documents.

Second, Respondents blatantly misrepresent the Subpoenas' scope when they claim that "the subpoenas seek information for a period of over fourteen (14) years and since January 1, 2010" (Resp. at 5), seek documents "for the past 14 plus years" (Resp. at 6), and "require a document-by-document review of nearly fifteen (15) years' worth of discovery materials" (Resp. at 7). The Subpoenas plainly state, "[u]nless otherwise noted, the "Relevant Time Period" means January 1, 2021 through the present" (Mot. Ex. B at 6), and the only expansion of this four-year period is that three categories of documents extend back one more year, to January 1, 2020 (*id*. at 7-8).

Third, if Respondents had a bona fide privilege to assert, they were required to support it with a declaration or affidavit (not just mere assertion in a response brief), and were required to provide a privilege log that complies with Rule 26 and 45. *See* Fed. R. Civ. P. 45(e)(2)(A) (objecting party must "describe the nature of the withheld documents . . . in a manner that . . . will enable the parties to assess the claim"); Fed. R. Civ. P. 26(b)(5) (same). Respondents have done neither.

Fourth, Respondents know that a detailed privilege log is required because the court in the underlying matter wholly rejected the barebones privilege log Respondents provided in that matter and ordered them to prepare a Rules-compliant log: "Defendants must provide amended

[discovery] responses and a revised privilege log by 1/10/25." (Ex. K [S.D. Fla. Dkt. 146; order entered 11/25/24].)

Fifth, this is not the obviously privileged situation where the attorney asserting the attorney-client privilege (1) has no relationship with the client other than an attorney-client relationship, (2) the documents sought are exclusively within the period of the attorney's attorney-client relationship for the pending litigation matter, and (3) the attorney has no factual connection to, and is not benefitted by, the tortious conduct alleged. A privilege log would still be required there, but that is not this case. As stated, Respondents have a long running relationship with Defendants beyond the claimed attorney-client relationship. One obvious example of this is that Respondents appear to be representing Defendants *for free*, and have invested hundreds of hours into defending against Romspen's claims, despite the fact that the defamation of which Romspen complains is in writing on public websites and Defendant Dibert admits to drafting the defamatory postings. Among other evidence if this is the fact that, as discussed below, Defendants produced in discovery no documentation of any fee agreement or arrangement with Respondents, despite Romspen's explicit written discovery requests for such documents. (*See, e.g.*, Ex. L [Document Request Nos. 42].) And even if Defendants themselves did not retain copies of any such agreement or emails on the topic of the engagement of counsel, *Respondents* would surely have retained such documentation if it existed, and documents in Respondents' possession would be in the "control" of Defendants (since Respondents are Defendants' counsel) and therefore should have been produced.[3] Thus, Respondents' apparent

[3] Documents pertaining to a fee arrangement between an attorney and client are generally not privileged. *See In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982) ("The law in this circuit is that matters involving the receipt of fees from a client are not generally privileged."); *Art Akiane LLC v. Art & Soulworks LLC*, No. 19 C 2952, 2022 WL 3357420, at *2 (N.D. Ill. Aug. 15, 2022) (Cole, M.J.) (collecting cases).

no-fee representation of Defendants in the underlying matter strongly suggests there is a highly cooperative/conspiratorial relationship between Weiss-Ortiz and Defendants, not a formal attorney-client relationship cloaking everything between them with an attorney-client privilege.

Sixth, Respondents' claimed "consulting" relationship with Defendant Dibert is rife with potential for abuse, which is precisely why a document-by-document privilege log was (and is) essential. Weiss-Ortiz was the *party*, not counsel, in her litigation with Romspen over the Miami real estate she sought to take from her mother, so whether any protection applies to her own communications with Dibert as her "consultant" is highly doubtful. (Weiss-Ortiz has not contended that her *counsel* in the Miami litigation hired Defendant Dibert as a non-testifying consulting expert and that her communications were a participation in that relationship. [*See* Resp. at 2, 5, 7.]) Furthermore, Defendants produced in discovery in the underlying matter no evidence of any actual business relationship between Defendants and Respondents, despite Romspen's document requests seeking any such evidence. (*See, e.g.*, Ex. L [Document Request No. 43].) And, like any attorney-client retention agreement, such consulting-relationship documents would also be within Defendants' control if in the possession of Respondents, so such documents should have been produced if any such consulting relationship existed.[4]

[4] Respondents' assertion that they "retained Defendant Dibert as [a] non-testifying consulting expert as to a mortgage fraud case . . . FL Case No. 14 CA 30864, which was tried in April 2022" (Resp. at 2; *see also id*. at 5, 7) is also suspect. Even if Defendant Dibert is an "expert" in mortgage fraud and "protecting" residential homeowners, as he claims on his website www.mfi-miami.com, Weiss-Ortiz's lawsuit filed in 2014 against the legal entities controlled by her mother that owned the Miami property she sought to obtain does not center on any mortgage fraud. *See* Resp. Ex. B (appellate court decision attached by Respondents, which summarizes the allegations in the litigation Respondents reference).

In sum, Respondents' assertion that everything they have is protected by the attorney-client privilege and that this Court should simply take their word for it, is flawed in numerous respects, fails to carry the burden of proof they bear, and should be rejected.

### *C. Even If Respondents Had Timely Asserted Their Present Overbreadth Objections, Such Objections Are Insufficient*

Beyond their privilege objections, Respondents now, for the first time, also vaguely assert that the Subpoenas are "unduly burdensome." (Resp. at 8.) This objection also fails.

First, the time to make this objection was in writing, served by October 18. Respondents did not do so.

Second, to justify a burdensomeness objection, the objecting party must demonstrate what the burden is and why that burden is not properly imposed on them. Respondents do nothing in this respect. For example, they do not identify any burden imposed by searching terms like "Dibert," "MFI-Miami," and Romspen (all of which are unique words) in their small-law-office email system and on their electronic storage devices, nor do they show there is any significant burden in pulling appropriate paper files from their filing cabinets. A vague assertion of burdensomeness is no objection at all. *See Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) ("The objecting party must show with specificity that the request is improper. . . . That burden cannot be met by 'a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" [quoting *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006)]).

Third, the Subpoenas are not duplicative of, or overbroad in relation to, documents produced by Defendants because *Defendants did not produce a single document* in response to

Romspen's 62 document requests to each Defendant. (*See, e.g.,* Ex. L.) As outlandish as the contention was, Weiss-Ortiz told the court in the underlying action that Defendant Dibert said he had no documents (including electronically stored information) responsive to any of Romspen's numerous document requests, and Weiss-Ortiz believed him. The underlying court was—understandably—suspicious of such a contention (as was Romspen, which raised the matter with the court), and the court directed Weiss-Ortiz to revisit the issue with Defendants, ordering that "Defense counsel shall advise [Romspen's] counsel by 12/4/24 of the [document] demands for which [Defendants] ha[ve] responsive documents." (Ex. K.) Yet the December 4 court deadline came and went, and Respondents did not advise Romspen's counsel of any documents or electronically stored information in Defendants' possession, custody, or control.

Fourth, if Respondents had actually asserted a timely and informative burdensomeness objection, Romspen's counsel could have conferred with them about whether one or more of the document requests could be narrowed (as Romspen's cover letter with the Subpoenas had offered to do [*see* Ex. H]). But Respondents did not do so, and their objection is now waived.

*D. Respondents' Argument that the Pro Hac Vice Status of One of Romspen's Attorneys Was Expired at the Time the Subpoenas Were Issued Is Meritless*

Respondents' final argument is that Mr. Poland's pro hac status in the underlying litigation had, in their view, expired when the Subpoenas were issued and that the Subpoenas "should be stricken accordingly." (Resp. at 8.) As explained in footnote 1, the court in the underlying action made quick work of this meritless argument, rejecting it in its entirety. (*See* Ex. G [S.D. Fla. Dkt. 148].) This Court should do the same.

*E. Romspen Is Entitled to Recover Its Attorneys Fees for Having to File This Motion to Obtain Respondents' Compliance*

Respondents offer no response to Romspen's well-supported argument that the granting of Romspen's motion will entitle it to attorneys fees. Respondents thereby concede the point in

full, as the law requires them to do. *See, e.g.*, *Rickels v. City of South Bend*, 33 F.3d 785, 786-87 (7th Cir. 1994) (affirming award of attorneys fees; "Rule 37(a)(4) presumptively requires every loser to make good the victor's costs."). Thus, Romspen asks that the Court award Romspen the attorneys fees incurred in filing this motion, to be paid by Respondents.

## III. CONCLUSION

For the foregoing reasons, Plaintiff, Romspen Investment LP, requests that this Court enter an order (1) compelling Respondents to respond to the Subpoenas within ten days, (2) deeming any objections to the Subpoenas waived, and (3) awarding Romspen the attorneys fees it incurred in bringing this Motion, in an amount to be determined by a subsequent declaration filed by Romspen.

Dated: December 10, 2024

Respectfully submitted,

/s/ Christian Poland

Christian Poland
Evan Boyle
BRYAN CAVE LEIGHTON PAISNER LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
312-602-5085
christian.poland@bclplaw.com
evan.boyle@bclplaw.com

*Attorneys for Plaintiff Romspen Investment LP*

CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, a true and correct copy of the foregoing was filed electronically and served by email on:

Adeena Weiss Ortiz
Weiss Ortiz P.C.
1011 E. 31 St., La Grange Park, IL 60526
332 S. Michigan Ave., #121, Chicago, IL 60604
773-498-4498
708-937-9223
aweiss@weissortizlaw.com
info@weissortizlaw.com
*Respondents and Attorneys for Defendants*

Samantha Stevins, Esq.
2681 Airport Road S., Suite C-104
Naples, FL 34112
239-300-4417
stevinslawfirm@gmail.com
*Attorneys for Defendants*

*/s/ Evan Boyle*
Evan Boyle
*Attorney for Plaintiff, Romspen Investment LP*